HERRICK, FEINSTEIN LLP
Joshua J. Angel
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

Attorneys for Stanislao Chimenti, Roberto Spada, and Andrea Ciccoli,
Extraordinary Commissioners of IT Holding S.p.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :
                                                            :  Chapter 15
    IT HOLDING S.P.A.,                                      :
                                                            :  Case No. 10-_____ (  )
        Debtor in a Foreign Proceeding.                     :
                                                            :
------------------------------------------------------------x

**PETITION OF THE EXTRAORDINARY COMMISSIONERS OF IT HOLDING S.P.A. (IN EXTRAORDINARY ADMINISTRATION) PURSUANT TO 11 U.S.C. §§ 105(a), 1504, AND 1515 FOR ENTRY OF AN ORDER RECOGNIZING FOREIGN MAIN PROCEEDING AND <u>GRANTING FURTHER RELIEF AND ADDITIONAL ASSISTANCE</u>**

Petitioners Stanislao Chimenti, Roberto Spada, and Andrea Ciccoli (collectively, the "Commissioners"), as Extraordinary Commissioners of IT Holding S.p.A. in Amministrazione Straordinaria ("IT Holding" or the "Debtor"), a holding company in an extraordinary administration proceeding pending under the laws of the Italian Republic (the "Italian Proceeding") under a special bankruptcy bill, "Legislative Decree 347/2003" converted in "Law 39/2005" as of February 18, 2004, as modified from time to time (the "Italian Bankruptcy Law"), respectfully submit this Petition (the "Petition") for entry of an Order pursuant to sections 105(a), 1504, 1515, 1517, 1519, 1520, and 1521 of chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") granting recognition of the Italian Proceeding

1

as a "foreign main proceeding" and the Commissioners as the "foreign representatives" in respect of the Italian Proceeding. In support of the Petition, the Commissioners state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear and determine cases under the Bankruptcy Code and all core proceedings arising thereunder pursuant to 28 U.S.C. §§ 157 and 1334.

2. Recognition of foreign proceedings and other matters under chapter 15 of the Bankruptcy Code are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue is proper pursuant to 28 U.S.C. § 1410 because the Debtor's principal place of business in the United States is in this judicial district.

**BACKGROUND**

4. The Debtor is a holding company, with its registered office and principal place of business in Pettoranello del Molise, Industrial District (Isernia), Italy. It is the parent of a group of companies that design, produce and distribute ready to wear high-end clothing and accessories, eyewear, and perfumes in the luxury goods industry. The Debtor and its operating subsidiaries are hereinafter referred to collectively as the "Debtor Group." The Debtor Group produces and distributes products from its own line of luxury brands—Gianfranco Ferré, Malo, and Extè—as well as products under license agreements—including Just Cavalli, C'N'C Costume National, Galliano and Ermanno Scervino. The Debtor went public in 1997 and its shares are traded on the Milan Stock Exchange.

HF 5734089v.1 #14713/0001

5. The Debtor Group's main production and administrative facilities are located in Italy, although it also maintains such facilities in other countries, together with a world-wide distribution network covering approximately thirty directly owned and operated stores, and over 6,000 department stores, specialty shops and boutiques world-wide. The Debtor Group has over 1700 employees.

6. In June of 2007, one of the Debtor's subsidiaries suffered a significant loss with the death of Gianfranco Ferré, the designer for one of the most important of the Debtor's marquee brands. The death of Mr. Ferré, coupled with the diminishment of the global appetite for luxury goods in the ensuing depressed economy, forced one of the Debtor's most critical subsidiaries, Ittierre S.p.A. to file for an Extraordinary Administration proceeding under the Italian Bankruptcy Law, which was granted by the Italian Ministry of Economic Development as of February 12, 2009. A few days later, on February 24, 2009, the Debtor, in its capacity as holding company, entered into its own Extraordinary Administration proceeding, having been drawn in by the Ittierre S.p.A. proceeding.

7. The Debtor's assets located in the United States generally consist of the Debtor's subsidiaries, IT Holding USA, Inc. ("IT USA") and its various subsidiaries and corporate affiliates. IT USA maintains its United States headquarters at 17 Battery Park Place, New York, New York.

**ARGUMENT**

**The Italian Proceeding Is A "Foreign Proceeding"**

8. Chapter 15 of the Bankruptcy Code authorizes a "foreign representative" appointed in a "foreign proceeding" to seek recognition of that foreign proceeding by filing a

3

petition in a United States Bankruptcy Court. 11 U.S.C. § 1501; *In re Koreag Controle et Revision S.A.*, 961 F.2d 341, 348 (2d Cir. 1992).

9. The term "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of restructuring or liquidation." 11 U.S.C. § 101(23).

10. As evidenced by the certified copy of the decree commencing the Italian Proceeding, attached as Exhibit A to the Declaration of the Commissioners in support of the Petition (the "Declaration of the Commissioners"), the Italian Proceeding is a judicial and administrative proceeding in a foreign country (the Italian Republic) under a law (the Italian Bankruptcy Law) relating to the insolvency and the adjustment of debts in which the assets and affairs of the Debtor are subject to control or supervision by a foreign court for the purpose of restructuring or liquidation. The Italian Proceeding, therefore is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

**The Commissioners Are "Foreign Representatives"**

11. The term "foreign representative" is defined in section 101(24) of the Bankruptcy Code as "a person, or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

4

12. As the decision commencing the Italian Proceeding makes clear, the Commissioners are duly appointed and authorized to represent the Debtor and administer the reorganization of the Debtor's assets in the Italian Proceeding. Accordingly, the Commissioners are "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code.

**This Case Was Properly Commenced**

13. This chapter 15 case is being commenced in accordance with sections 1504 and 1515 of the Bankruptcy Code by the filing of this Petition accompanied by the documents and information required by sections 1515(b) and (c) of the Bankruptcy Code, which are attached as exhibits to the Declaration of the Commissioners. The Petition is filed together with (i) certified copies of the decision commencing the Italian Proceeding and appointing the Commissioners, as well as an English translation of the decision, and (ii) a statement identifying all "foreign proceedings" with respect to the Debtor that are known to the Commissioners. Accordingly, the requirements of section 1515 of the Bankruptcy Code have been satisfied.

**The Italian Proceeding Should Be Recognized As A "Foreign Main Proceeding"**

14. Section 1517(b)(1) of the Bankruptcy Code provides that a "foreign proceeding" is a "foreign main proceeding" if it is pending in the country where the debtor has the "center of its main interests." 11 U.S.C. § 1517(b)(1). In the absence of evidence to the contrary, the debtor's registered offices are presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(c).

15. The Debtor's registered office and principal place of business are in Italy. Declaration of the Commissioners ¶ 4. The Italian Proceeding, therefore, is pending in the

country of the Debtor's center of main interests. Accordingly, the Court should enter an order recognizing the Italian Proceeding as a "foreign main proceeding."

## HEARING DATE AND NOTICE

16. The Commissioners request that the Court set a date for a hearing on the Petition. If no objections are filed by the date set by the Court, the Commissioners request that the Court enter an order recognizing the Italian Proceeding as a foreign main proceeding without a hearing.

17. Upon the scheduling of a hearing date by the Court, the Commissioners will provide notice of the hearing to consider the Petition as is reasonable and appropriate under the circumstances. The Commissioners will send by first-class mail the notice of the hearing, together with copies of this Petition, the voluntary petition for relief, and the Declaration of the Commissioners and exhibits thereto to the known interested United States parties at their last known address and to the Office of the United States Administrator for the Southern District of New York.

18. Notice of this Petition will be sent to the aforementioned parties with at least twenty days notice of the hearing date, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

WHEREFORE, the Commissioners respectfully request that the Court grant the Petition and enter an order recognizing the Italian Proceeding as a foreign main proceeding, and grant the Commissioners such other and further relief as the Court deems just and proper.

HF 5734089v.1 #14713/0001

Dated: New York, New York
August 13, 2010

                                Respectfully submitted,

                                HERRICK, FEINSTEIN LLP
*Attorneys for Stanislao Chimenti, Roberto Spada, and Andrea Ciccoli, Extraordinary Commissioners of IT Holding S.p.A.*

                                By:    */s/ Joshua J. Angel*
                                              Joshua J. Angel

                                2 Park Avenue
                                New York, New York 10016
                                (212) 592-1400

HF 5734089v.1 #14713/0001